McGREGOR W. SCOTT
United States Attorney
AARON D. PENNEKAMP
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile: (916) 554-2900

Attorneys for Plaintiff
United States of America

**FILED**

JAN 24 2020

CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
        DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

   Plaintiff,

   v.

LAWRENCE MACKEN,

   Defendant.

CASE NO. 2:20-CR-023-KJM

18 U.S.C. § 922(g)(1) – Felon in Possession of a Firearm; 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) – Criminal Forfeiture

# INDICTMENT

The Grand Jury charges: T H A T

LAWRENCE MACKEN,

defendant herein, on or about December 12, 2019, in the County of San Joaquin, State and Eastern District of California, knowing that he had been convicted of a crime punishable by a term of imprisonment exceeding one year, specifically:

   (1)   Taking a Vehicle without the Owner's Consent/Vehicle Theft, in violation of California Vehicle Code § 10851(a), on or about November 13, 1996, in San Joaquin County, California;

   (2)   Felon in Possession of a Firearm, in violation of California Penal Code § 12021(a)(1), on or about August 6, 1997, in San Joaquin County, California;

   (3)   Taking a Vehicle without the Owner's Consent/Vehicle Theft, in violation of California Vehicle Code § 10851(a), on or about August 6, 1997, in San Joaquin County, California;

   (4)   Possessing Ephedrine with Intent to Manufacture Methamphetamine, in violation of California Health and Safety Code § 11383(c), on or about January 21, 1999, in San

Joaquin County, California;

(5) Making/Passing a Fictitious Check, in violation of California Penal Code § 476, on or about June 28, 2001, in San Joaquin County, California;

(6) Assault by a Prisoner with Great Bodily Injury, in violation of California Penal Code § 4501, on or about October 23, 2002, in San Joaquin County, California;

(7) Manufacturing Counterfeit Currency, in violation of 18 U.S.C. § 471, on or about October 28, 2010, in the Eastern District of Washington;

(8) Felon in Possession of a Firearm, in violation of 18 U.S.C. § 922(g)(1), on or about October 28, 2010, in the Eastern District of Washington;

(9) First Degree Robbery, in violation of Wash. Rev. Code § 9A.56.200(2), on or about December 8, 2010, in Adams County, Washington; and

(10) Assault with a Deadly Weapon, not a Firearm, with Great Bodily Injury, in violation of California Penal Code § 245(a)(1), on or about April 15, 2013, in Placer County, California,

did knowingly possess a firearm, specifically, a Bersa Firestorm .380 semi-automatic handgun with serial number G01363, in and affecting commerce, in that said firearm had previously been transported in interstate and foreign commerce, in violation of Title 18, United States Code, Section 922(g)(1).

<u>FORFEITURE ALLEGATION</u>: [18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) – Criminal Forfeiture]

1. Upon conviction of the offense alleged in this Indictment, defendant LAWRENCE MACKEN shall forfeit to the United States pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved in or used in the knowing commission of the offense.

2. If any property subject to forfeiture, as a result of the offense alleged in this Indictment, for which defendant is convicted:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

1  it is the intent of the United States, pursuant to Title 28, United States Code, Section 2461(c), as
2  incorporated by Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of
3  defendant, up to the value of the property subject to forfeiture.

A TRUE BILL.

/s/ **Signature on file w/AUSA**

FOREPERSON

*[signature]*
McGREGOR W. SCOTT
United States Attorney

No. _____  2:20-CR-023-KJM

# UNITED STATES DISTRICT COURT

*Eastern District of California*

*Criminal Division*

THE UNITED STATES OF AMERICA

vs.

LAWRENCE MACKEN

## INDICTMENT

**VIOLATION(S):** 18 U.S.C. § 922(g)(1) – Felon in Possession of a Firearm; 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) – Criminal Forfeiture

*A true bill,*   **/s/ Signature on file w/AUSA**

_____
*Foreman.*

*Filed in open court this* __24__ *day*

*of* __JANUARY__, A.D. 20 __20__

_____
*Clerk.*

*Bail, $* _____ **NO PROCESS NECESSARY**

GPO 863 525

2:20-CR-023-KJM

## United States v. Lawrence Macken
**Penalties for Indictment**

**Defendants**
**LAWRENCE MACKEN**

### COUNT 1:

VIOLATION: 18 U.S.C. § 922(g) - Felon in possession of firearm

PENALTIES: Not more than 120 months,
Not more than $250,000 fine or both
A three-year term of Supervised Release

SPECIAL ASSESSMENT: $100 (mandatory on each count)

### FORFEITURE ALLEGATION:

VIOLATION: 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) - Criminal Forfeiture

PENALTIES: As stated in the charging document