UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. 2:20-cr-00023-KJM |
| Plaintiff, | ORDER |
| v. | |
| Lawrence Macken, | |
| Defendant. | |

This order addresses defendant Lawrence Macken's motion to disclose grand jury transcripts.[1] *See* Mot., ECF No. 111. The matter is fully briefed and the court submitted the matter after a hearing by videoconference. *See* Opp'n, ECF No. 132; Reply, ECF No. 150; Minutes, ECF No. 156. As explained in this order, **the motion is denied**.

"Records, orders, and subpoenas relating to grand-jury proceedings must be kept under seal to the extent and as long as necessary to prevent the unauthorized disclosure of a matter occurring before a grand jury." Fed. R. Crim. P. 6(e)(6). A district court may, however, order the disclosure of a grand jury matter "at the request of a defendant who shows that a ground may exist to dismiss the indictment because of a matter that occurred before the grand jury." Fed. R. Crim. P. 6(e)(3)(E)(ii). Defendants who request disclosure under this rule must prove they have

---

[1] Mr. Macken's other pending motions will be addressed in separate orders.

1

"a particularized need" that "outweighs the policy of grand jury secrecy." *United States v. Murray*, 751 F.2d 1528, 1533 (9th Cir. 1985).

Whether Mr. Macken has a "particularized need" depends on whether the grand jury transcripts would support a motion to dismiss the indictment. He does not identify any potential constitutional errors, so if he moved to dismiss, he would need to show either (1) that a "violation substantially influenced the grand jury's decision to indict," or (2) "there is grave doubt that the decision to indict was free from the substantial influence of such violations." *Bank of Nova Scotia v. United States*, 487 U.S. 250, 256 (1988) (quotation marks omitted) (quoting *United States v. Mechanik*, 475 U.S. 66, 78 (1986) (O'Connor, J., concurring in the judgment)). He relies on the second option here. He believes a federal task force officer testified to the grand jury, and he believes that if this officer did testify, his testimony was likely false, given statements in an affidavit by that officer, which was attached to the criminal complaint. *See* Mot. at 3–4; *see also* Ezell Aff. ¶ 10, ECF No. 1.

Mr. Macken was indicted here for possession a firearm in violation of 18 U.S.C. § 922(g)(1) after Stockton Police officers found a handgun in a car he was driving. *See* Indictment, ECF No. 7; *see also* Criminal Compl., ECF No. 1. According to police reports and the task force officer's affidavit in the criminal complaint, the gun was in "plain view." *See* Mot. at 4–5; *see also* Ezell Aff. ¶ 10. In reality, Mr. Macken contends, the gun was hidden behind a dashboard panel to the left of the steering wheel, and he did not know it was there. *See* Mot. at 4–5. Describing the gun as in "plain view" would have been prejudicial, he explains, because knowing possession is an element of a charge under § 922(g)(1), *see Rehaif v. United States*, 139 S. Ct. 2191, 2194 (2019), and he claims not to have known about the gun, *see* Mot. at 6. That claim might be consistent with the evidence if the gun was hidden behind a dashboard panel, but it would be implausible if the gun was in "plain view."

If the task force officer did testify, and if that testimony falsely described the gun as in "plain view," the falsehood would not raise the necessary "grave doubt." The grand jury could have returned an indictment even if it had heard the gun was not in plain view. According to the government, a camera recorded Mr. Macken sitting in a car in a parking lot with a handgun on the

console. Ezell Aff. ¶ 8. When police arrived, they ordered Mr. Macken to leave the car, but before he did, they said they saw him moving his hands and putting something inside a dashboard compartment near the driver-side door. *Id.* ¶ 9. Officers searched the car and found the gun in the same area where they suspected he had hidden something. *See id.* ¶¶ 9–10. Mr. Macken contends neither that the government lacked this evidence at the time nor that the grand jury was barred from considering it. His interest in disclosure therefore does not outweigh the policy of grand jury secrecy. **The motion to disclose the grand jury transcripts is denied.**

Finally, the government's opposition refers to an ex parte supplement, which the court permitted it to file under seal. *See* Opp'n at 2, 7 (citing Ex Parte Suppl., ECF No. 137-1). The government's request to file that supplement under seal was also filed under seal. *See* Req. Seal, ECF No. 137. The defense asks the court to unseal the government's request. *See* Reply at 1–2. That request is **granted in part**. The documents at ECF Nos. 137, 137-1 and 137-2 will remain under seal, but the government is directed to publicly file a copy of ECF No. 137 with redactions obscuring line 28 of page 1 and lines 1–7 of page 2. The court also confirms that it has reviewed and considered the government's supplement, which discusses the grand jury proceedings and excerpts of the grand jury transcript. Although the court's review confirms its decision to deny Mr. Macken's motion to disclose the transcript, the court would reach the same conclusion without having considered the government's supplement.

This order resolves ECF No. 111.

IT IS SO ORDERED.

DATED: June 21, 2021.

CHIEF UNITED STATES DISTRICT JUDGE