UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. 2:20-cr-00023-KJM |
| Plaintiff, | ORDER |
| v. | |
| Lawrence Macken, | |
| Defendant. | |

This order addresses defendant Lawrence Macken's renewed request to set a bench trial.[1] *See* Mot., ECF No. 113. The matter is fully briefed and was submitted after a hearing by videoconference. *See* Opp'n, ECF No. 134; Reply, ECF No. 148; Minutes, ECF No. 156. As explained in this order, **the motion is denied**.

The government argues preliminarily that Mr. Macken's motion is an improper request for reconsideration. Opp'n at 5–6. As stated at the hearing, the court will not apply the rules governing motions for reconsideration strictly here and exercises its discretion to consider the substance of Mr. Macken's motion.

The court denied Mr. Macken's previous request to set a bench trial in a written order. *See* Prev. Order, ECF No. 94. As the court explained in that order, if a defendant is entitled to a

---

[1] Mr. Macken's other pending motions will be addressed by separate orders.

jury trial, "the trial must be by jury unless: (1) the defendant waives a jury trial in writing; (2) the government consents; and (3) the court approves." Prev. Order at 3 (quoting Fed. R. Crim. P. 23(a) and citing *United States v. U.S. Dist. Ct. for E. Dist. of Cal.*, 464 F.3d 1065, 1069 (9th Cir. 2006)). Although this language is "unambiguous," *id.* at 7, the Supreme Court has suggested a bench trial might be permissible in some circumstances even if the government does not consent. *See Singer v. United States*, 380 U.S. 24 (1965). The Court has never formally recognized such an exception to Rule 23, however, and no federal court of appeals has permitted a bench trial to be set when the government has not consented. *See* Prev. Order at 3–5. Some federal district courts have conducted bench trials without the government's consent, but not in response to a defendant's request for a speedier trial, as Mr. Macken has requested here. *See id.* at 5–7.

Mr. Macken argues now that the government has abused its discretion by choosing to prosecute him in federal court while the coronavirus pandemic has prevented criminal trials from moving forward in this District. *See* Mot. at 5. If a prosecution had gone forward in the state court where he was originally charged, he contends, his case would now be complete. *See id.* at 9–11. He paints the government's refusal to consent as revelatory of an improper motive to punish him without a conviction. *See generally id.*; *see also* Reply at 4–5. This construction of Rule 23 rests on a recent decision by another district court, which proposes four factors that might outweigh the government's decision not to consent to a bench trial: (1) "whether a governmental objection is made for an improper purpose"; (2) "whether the government's insistence on a jury trial unfairly interferes with the defendant's exercise of a separate constitutional right"; (3) "whether the government's insistence on a jury trial implicates the public's right to a speedy trial" and (4) "whether case-specific factors, such as the nature of the evidence or the predominance of legal issues over factual issues, would render obtaining an impartial jury trial difficult or unworkable." *United States v. Cohn*, 481 F. Supp. 3d 122, 129 (E.D.N.Y. 2020). Mr. Macken cites the first two of these factors: interference with his constitutional right to a speedy trial and improper government purposes. *See* Mot. at 11–12.

First, as explained in the previous order, this court declines to read Rule 23 as permitting any exception based on a defendant's personal right to or interest in a speedy trial. *See* Prev.

Order at 7 ("Although district courts have sometimes cited delays when they have permitted criminal defendants to waive their right to a jury trial over government objection, that is not because the delay deprives the defendant of a personal right."); *see also Cohn*, 481 F. Supp. 3d at 131 ("It is well established that a defendant's desire for a speedy trial, standing alone, cannot provide a basis for overruling a Government objection under Rule 23(a).").

Second, although the government's decisions to assume control of this case and pursue a jury trial are perhaps questionable, and despite the government's failure to offer any justification for its decisions beyond platitudes about the undisputed value of jury trials, the court cannot infer an improper motive based on anything before it now. "The Attorney General and United States Attorneys retain 'broad discretion' to enforce the Nation's criminal laws." *United States v. Armstrong*, 517 U.S. 456, 464 (1996) (quoting *Wayte v. United States*, 470 U.S. 598, 607 (1985)). Jury trials are the "normal" and "preferable" way to resolve factual disputes in "criminal cases above the grade of petty offenses." *Patton v. United States*, 281 U.S. 276, 312 (1930). And the Supreme Court has not required the government to explain its reasons for demanding a jury trial. *See Singer*, 380 U.S. at 37. Mr. Macken cites no case in which any court has conducted a bench trial without the government's consent based solely on a finding of improper government motives, and the court is aware of none. *Cf. Cohn*, 481 F. Supp. 3d at 131 (questioning government's failure to provide "further, more accurate information about its rationale" but finding no improper motive). Nor is the court persuaded on this record that the government was motivated by purposes other than obtaining a conviction by jury trial, "the constitutionally preferred manner." *United States v. Sun Myung Moon*, 718 F.2d 1210, 1218 (2d Cir. 1983).

The motion to set a bench trial is **denied**.

This order resolves ECF No. 113.

IT IS SO ORDERED.

DATED: June 21, 2021.

CHIEF UNITED STATES DISTRICT JUDGE