UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. 2:20-cr-00023-KJM |
| Plaintiff, | ORDER |
| v. | |
| Lawrence Macken, | |
| Defendant. | |

This order addresses defendant Lawrence Macken's motion to dismiss the indictment under the Speedy Trial Act and Sixth Amendment.[1] *See* Mot., ECF No. 115. The matter is fully briefed and was submitted after a hearing by videoconference. *See* Opp'n, ECF No. 135; Reply, ECF No. 151; Minutes, ECF No. 156. As explained in this order, **the motion is denied**.

Mr. Macken was arraigned on January 28, 2020 on an indictment made public on January 24, 2020. *See* ECF Nos. 7, 9. He has been held in federal custody since January 14, 2020. *See* ECF No. 3. The court has excluded time under the Speedy Trial Act for several periods between January 2020 and today, as detailed in the parties' briefs. *See* Mot. at 1–4; Opp'n at 4–7. Mr. Macken contends time was wrongly excluded for several of those periods under 18 U.S.C. § 3161(h)(7)(A). Mot. at 8 ("[A]ll of the disputed exclusions of time were entered by this Court

---

[1] Mr. Macken's motion to dismiss at ECF No. 109 will be addressed in a separate order.

1

under . . . § 316[1](h)(7)(A), over defense objection."). That section permits exclusions of time based on the judge's "findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Mr. Macken argues this court's findings did not support the invocation of that exception. He also argues that the resulting delay violated his Sixth Amendment right to a speedy trial.

### A. The Speedy Trial Act

"The Speedy Trial Act directs district courts to consider the factors listed in § 3161(h)(7)(B), 'among others,' in determining whether 'the ends of justice served by [granting a continuance] outweigh the best interests of the public and the defendant in the speedy trial.'" *In re Smith*, ___ F. App'x ___, No. 20-73723, 2021 WL 1595443, at *2 (9th Cir. Apr. 23, 2021) (unpublished) (alterations in original) (quoting 18 U.S.C. § 3161(h)(7)(A)). One of the factors the court may consider is "[w]hether the failure to grant such a continuance in the proceeding would be likely to make a continuation of such proceeding impossible, or result in a miscarriage of justice." 18 U.S.C. § 3161(h)(7)(B)(i). "In the context of the COVID-19 pandemic," the Ninth Circuit has also listed seven relevant "non-exhaustive factors" not included in the express language of the statute:

    (1) whether a defendant is detained pending trial;

    (2) how long a defendant has been detained;

    (3) whether a defendant has invoked speedy trial rights since the case's inception;

    (4) whether a defendant, if detained, belongs to a population that is particularly susceptible to complications if infected with the virus;

    (5) the seriousness of the charges a defendant faces, and in particular whether the defendant is accused of violent crimes;

    (6) whether there is a reason to suspect recidivism if the charges against the defendant are dismissed; and

    (7) whether the district court has the ability to safely conduct a trial.

*United States v. Olsen*, 995 F.3d 683, 692 (9th Cir. 2021) (per curiam).

/////

1         Here, the disputed exclusions of time all rested on this court's finding that the coronavirus pandemic prevented a jury trial from being scheduled in this case, which would result in a miscarriage of justice if time were not excluded. *See, e.g.*, Hr'g Tr. at 6–7 (Dec. 14, 2020), Mot. Ex. B, ECF No. 115-1; Hr'g Tr. at 21 (Feb. 22, 2021), Mot. Ex. C, ECF No. 115-1. It is not necessary to reproduce the record of this court's findings in detail; an example suffices to illustrate this court's consideration of speedy trial considerations. On December 14, 2020, the court found that "[t]he public health landscape" did not "make it possible responsibly to convene a jury trial given all the players that would be needed for a live proceeding in a courtroom, particularly under the worsening circumstances." Hr'g Tr. at 7 (Dec. 14, 2020). The exclusion was "to protect the health of Mr. Macken and all concerned." *Id.* The court also found that if time were not excluded, "it would prevent the case from moving forward, the government from prosecuting the case." *Id.* These findings were issued against the backdrop of the court's General Orders, which among other things closed courthouses to the public, suspended summonses to potential jurors, and permitted district judges to continue criminal matters and exclude time under the Speedy Trial Act in light of federal, state, and local guidelines and restrictions for preventing coronavirus outbreaks. *See, e.g.*, E.D. Cal. General Order No. 617 (Arp. 17, 2020). A judicial emergency had also been declared within this District based on the difficulty of conducting jury trials in criminal cases, against the backdrop of the court's pre-existing emergency status. *See, e.g.*, *In re Approval of Judicial Emergency*, 956 F.3d 1175, 1179 (9th Cir. J. Council 2020) ("The CDC recommendations regarding gatherings of 10 or fewer people make essential tasks such as holding civil and criminal jury trials, and criminal proceedings including sentencings, initial appearances, etc., unattainable.").

        These findings satisfied the requirements of the Speedy Trial Act. They were on the record and were specific to this case, and the exclusions were not indefinite. *See United States v. Jordan*, 915 F.2d 563, 565 (9th Cir. 1990) ("The Speedy Trial Act thus requires that an 'ends of justice' continuance be specifically limited in time and that there be findings supported by the record to justify each 'ends of justice' continuance."). Although this court did not have the benefit of the Ninth Circuit's decision in *Olsen* at the time it made its findings in this case, those

findings rested on grounds similar to the factors the circuit distilled in *Olsen*. *Compare, e.g.*, 995 F.3d at 692 ("whether the district court has the ability to safely conduct a trial"), *with, e.g.*, Hr'g Tr. at 7 (Dec. 14, 2020) (finding "[t]he public health landscape" did not "make it possible responsibly to convene a jury trial given all the players that would be needed for a live proceedings in a courtroom, particularly under the worsening circumstances"). This court's findings were also similar to those the Ninth Circuit has approved in the past. *See Furlow v. United States*, 644 F.2d 764, 768–69 (9th Cir. 1981) (affirming district court's decision to exclude time based on "ends of justice" because Mt. St. Helens eruption had caused "state of emergency" that had "prohibited" trial from proceeding).

In some previous decisions, the Ninth Circuit has written that the "ends of justice" exclusion "was intended by Congress to be rarely used." *United States v. Clymer*, 25 F.3d 824, 8289 (9th Cir. 1994) (quoting *United States v. Jordan*, 915 F.2d 563, 565 (9th Cir. 1990)) (collecting cases). "But surely a global pandemic that has claimed more than half a million lives in this country, and nearly 60,000 in California alone, falls within such unique circumstances to permit a court to temporarily suspend jury trials in the interest of public health." *Olsen*, 995 F.3d at 693. "Almost every court faced with the question of whether general COVID-19 considerations justify an ends-of-justice continuance and exclusion of time has arrived at the same answer: yes." *United States v. Harris*, 460 F. Supp. 3d 973, 976 (E.D. Cal. 2020) (collecting cases); *see also Smith*, 2021 WL 1595443, at *2 (finding district court had "conducted a proper individualized balancing" of factors listed in Speedy Trial Act based on findings that "the COVID-19 pandemic specifically affected the court's ability to conduct an in-person trial and that the trial could not safely occur in Sacramento before some time in" the next year).

**B.   Constitutional Right to a Speedy Trial**

The court concludes for similar reasons that Mr. Macken's constitutional right to a speedy trial was not violated. "In *Barker v. Wingo*, the Supreme Court enunciated the factors to be considered in determining whether the sixth amendment right to a speedy trial has been denied: (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of the right; and (4) the prejudice resulting from the delay." *United States v. Nance*, 666 F.2d 353, 360 (9th

Cir. 1982) (citing 407 U.S. 514, 531 33 (1972)).  No single factor is "either a necessary or sufficient condition to the finding of a deprivation of the right of speedy trial.  Rather, they are related factors and must be considered together with such other circumstances as may be relevant."  *Barker*, 407 U.S. at 533.  A defendant must show at the threshold, however, "that the period between indictment and trial passes a threshold point of 'presumptively prejudicial' delay."  *United States v. Gregory*, 322 F.3d 1157, 1161 (9th Cir. 2003) (quoting *United States v. Beamon*, 992 F.2d 1009, 1012 (9th Cir. 1993)).  Here, the delay is "presumptively prejudicial" because it is longer than one year.  *See id.* at 1161–62.  The court therefore considers the remaining three factors.

Most of the delay between Mr. Macken's indictment and the scheduled trial date has been attributable to extensive motion practice, stipulations to exclude time, and the impossibility of a safe jury trial during the pandemic.  The government was neither negligent nor deliberately slow.  Neither party is to blame.  The second factor weighs against dismissal.  *See, e.g.*, *United States v. Smith*, 494 F. Supp. 3d 772, 783 (E.D. Cal. 2020).

Under the third factor, Mr. Macken has now asserted his right to a speedy trial, but he did not do so immediately; he first requested a trial date in late 2020, when the pandemic had already set in.  *See* Hr'g Tr. at 3 (Dec. 14, 2020).  The court cannot fault him for this strategy or his timing, but his assertion of a right to a speedy trial here does not favor dismissal.  *See United States v. Turner*, 926 F.2d 883, 889 (9th Cir. 1991) ("[T]he mere fact of proper, timely assertion [of speedy trial rights] does not warrant dismissal."); *accord Gregory*, 322 F.3d at 1162 ("[The defendant's] prompt assertion of his speedy trial right weighs neither for or against [him].").

Prejudice is the fourth consideration.  When, as here, the delay is neither "great" nor attributable to the government, a defendant must prove actual prejudice.  *See Gregory*, 322 F.3d at 1162–63.  "Prejudice . . . should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect."  *Barker*, 407 U.S. at 532.  The Supreme Court has identified "three such interests: (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired."  *Id.*  Here, the court does not minimize the stress, anxiety, and disruption caused by

5

Mr. Macken's pretrial incarceration, but the court cannot find that the delay has prevented him or his counsel from pursuing, developing, or preserving evidence, which is "the most serious" consideration. *Id.*

In total, given the circumstances of this case, the relevant factors do not favor dismissal. *See Nance*, 666 F.2d at 360 ("[I]t will be an unusual case in which the time limits of the Speedy Trial Act have been met but the sixth amendment right to speedy trial has been violated."); *Smith*, 494 F. Supp. 3d at 784 (denying motion to dismiss based on defendant's constitutional right to speedy trial because "the delay [was] justified and imposed in good faith" because court could not "hold a jury trial . . . without putting the public, the parties, court staff and the attorneys at substantial risk" and because "any prejudice caused by the present length of the delay [was] mitigated by the fact that there is no real risk that the defense will be impaired by it").

**The motion to dismiss is denied.**

This order resolves ECF No. 115.

IT IS SO ORDERED.

DATED: June 30, 2021.

_____
CHIEF UNITED STATES DISTRICT JUDGE